IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00425-BNB

JOHN MOORE,

Plaintiff,

v.

DR. SAM JAHANI,
DR. STEVE PADUA,
DELTA COUNTY HOSPITAL, and
INSURANCE COMPANYS [sic] FOR THE DEFENDANTS,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 08 2010

GREGORY C. LANGHAM
CLERK

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff, John Moore, has submitted a complaint for money damages. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe liberally Mr. Moore's filings because he is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Moore will be ordered to file an amended complaint and to show cause why he should not be sanctioned by the dismissal of this lawsuit.

In the complaint, Mr. Moore attacks the wrongful death of his mother, Dorothy Moore. He complains that Dr. Steven Padua would not put her on life support. He also asks that his mother's death certificate be quashed.

Mr. Moore's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Moore to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Other than demanding money damages as relief, Mr. Moore fails to comply with Rule 8. He fails to allege a basis for the Court's jurisdiction. He also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Therefore, Mr. Moore will be ordered to file an amended complaint that complies with the pleading

2

requirements of Fed. R. Civ. P. 8. Mr. Moore is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Of grave concern is Mr. Moore's submission dated April 5, 2010, including what appears to be a fraudulent order bearing the signature from my order of February 24, 2010, directing the clerk of the Court to commence this action and directing Mr. Moore to cure certain deficiencies. **See** documents number 1, 31. Mr. Moore is cautioned that forging or counterfeiting a Court document knowing it to be false, and placing a judge's signature on it for the purpose of making the document appear to be authentic, is a crime prohibited by 18 U.S.C. § 505, which provides:

> Whoever forges the signature of any judge, register, or other officer of any court of the United States, or of any Territory thereof, or forges or counterfeits the seal of any such court, or knowingly concurs in using any such forged or counterfeit signature or seal, for the purpose of authenticating any proceeding or document, or tenders in evidence any such proceeding or document with a false or counterfeit signature of any such judge, register, or other officer, or a false or counterfeit seal of the court, subscribed or attached thereto, knowing such signature of seal to be false or counterfeit, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 505. Section 505 does not require an intent to defraud. **United States v. Cowan**, 116 F.3d 1360, 1361-63 (10th Cir. 1997); **see also United States v. Reich**, 479 F.3d 179, 187 (2d Cir. 2007). "A forged signature on a document which the forger intends to appear authentic is the only intent requirement of § 505." **Cowan**, 116 F.3d at 1363. The purpose of § 505 includes protecting the reputation and integrity of the federal courts. **Id.**

3

Therefore, Mr. Moore also will be ordered to show cause why he should not be sanctioned by the dismissal of this lawsuit for his apparent deceit in creating a fictitious court order, affixing my signature to it, and tendering it to this Court. Accordingly, it is

ORDERED that the Plaintiff, John Moore, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Moore, together with a copy of this order, two copies of the Court-approved complaint form that Mr. Moore is directed to use in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that Mr. Moore show cause **within thirty days from the date of this order** why he should not be sanctioned by the dismissal of this lawsuit for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the Court. It is

FURTHER ORDERED that the motions for service by the United States Marshal's Service (document number 7) and for a Court order (document number 10) are denied as premature. It is

FURTHER ORDERED that if Mr. Moore fails to file an amended complaint or to show cause as directed within the time allowed, the complaint and the action may be dismissed without further notice.

DATED April 8, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00425-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 4/8/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk