IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00425-BNB

JOHN MOORE,

Plaintiff,

v.

DR. SAM JAHANI,
DR. STEVE PADUA,
DELTA COUNTY HOSPITAL, and
INSURANCE COMPANYS [sic] FOR THE DEFENDANTS,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 0 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, John Moore, submitted *pro se* a complaint for money damages. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On April 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Moore, within thirty days, to file an amended complaint on the Court-approved complaint form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and to show cause why he should not be sanctioned by the dismissal of this lawsuit. On April 12, 2010, Mr. Moore filed two responses to the order to show cause. On April 14, 2010, Mr. Moore filed an amended complaint on a state county court complaint form.

The Court must construe liberally Mr. Moore's filings because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

In the complaint he originally filed, Mr. Moore attacked the allegedly wrongful death of his mother, Dorothy Moore. He complained that Dr. Steven Padua would not put her on life support. He also asked that his mother's death certificate be quashed.

In the amended complaint, he again attacks the allegedly wrongful death of his mother, asks for Dr. Sam Jahani's insurance company to start paying a $15,000 judgment, and asks for $3,000.00 a month for life. He attaches to the amended complaint documents concerning civil and criminal penalties, the definition of hate crimes, and the definition of a personal judgment.

Mr. Moore's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a)

2

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Moore to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Moore's amended complaint fails to comply with Rule 8. He fails to allege a basis for the Court's jurisdiction. He also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is Mr. Moore's responsibility to present his claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Moore must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. He has failed to do so.

Although the Court is obliged to construe *pro se* pleadings liberally, *pro se* litigants must follow the same rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). *Pro se* litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. *See Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006). Therefore, the amended complaint will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

Mr. Moore also has failed to show cause why he should not be sanctioned by the dismissal of this lawsuit for submitting on April 5, 2010 a fraudulent order bearing the

3

date and signature from Magistrate Judge Boland's order dated February 24, 2010. See docket nos. 1, 31. In the April 8 order to show cause, Magistrate Judge Boland warned Mr. Moore that anyone preparing a Court document knowing it to be false and placing a judge's signature on it for the purpose of making the document appear to be authentic may subject to criminal charges pursuant to 18 U.S.C. § 505. In his April 12 responses, Mr. Moore simply apologizes to the Court for his deceit in creating a fictitious court order, affixing Magistrate Judge Boland's signature to it, and tendering the order to this Court. Such an apology is insufficient to save this lawsuit from dismissal.

Mr. Moore is warned that, if he attempts to falsify another Court document in this proceeding in the future, the Court will notify the United States Attorney of his actions. The United States Attorney has the authority under 28 U.S.C. § 547 to prosecute for offenses against the United States.

Lastly, the Court notes that this is one of seven civil actions Mr. Moore has initiated in this Court since February 2010 concerning his mother's death, several of which were characterized as removals from state court. *See Moore v. Jahani*, No. 10-cv-00425-BNB (D. Colo. filed Feb. 25, 2010) (the instant action); *Moore v. State of Colorado, et al.*, No. 10-cv-00426-BNB (D. Colo. filed Feb. 25, 2010) (pending); *Moore v. Cedaredge Mercantile*, No. 10-cv-00427-ZLW (D. Colo. Mar. 4, 2010) (voluntary dismissal); *Moore v. Jahani*, No. 10-cv-00428-ZLW (D. Colo. Mar. 12, 2010) (summarily remanded to state court); *Moore v. Glaxco Smithkline*, No. 10-cv-00429-ZLW (D. Colo. Mar. 25, 2010) (summarily remanded to state court); *Moore v. Donar Alliance*, No. 10-cv-00520-ZLW (D. Colo. Mar. 22, 2010) (summarily remanded to state

court); and *Moore v. Glaxco Smithkline*, No. 10-cv-00759-BNB (D. Colo. filed Mar. 29, 2010) (pending). While the Court is sympathetic about the death of Mr. Moore's mother, the Court will not tolerate abuse of its limited judicial resources. Mr. Moore is warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for the failure of Plaintiff, John Moore, to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for his failure to show cause why he should not be sanctioned by the

dismissal of this lawsuit for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the Court. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  19th   day of   April  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00426-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/20/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk