IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00425-ZLW

JOHN MOORE,

    Plaintiff,

v.

DR. SAM JAHANI,
DR. STEVE PADUA,
DELTA COUNTY HOSPITAL, and
INSURANCE COMPANYS [sic] FOR THE DEFENDANTS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 04 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, John Moore, filed *pro se* an *ex parte* letter to Chief Judge Wiley Y. Daniel and a motion titled "Motion to Reopen" on April 27 and 28, 2010, respectively. Mr. Moore asks the Court to reconsider the Court's April 20, 2010 order dismissing this action. The Court must construe the motion to reopen liberally because Mr. Moore is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion to reopen will be construed as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

The *ex parte* letter to Chief Judge Daniel will not be addressed because Rule 77.2 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil concerning *ex parte* communications forbids Mr. Moore from sending "letters, pleadings, or other papers or copies directly to a judicial officer. Unless

otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys." In addition, Chief Judge Daniel is not the judge assigned to this case.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Moore's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on April 20, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice on April 20 for Mr. Moore's failure, within thirty days, to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court also dismissed the instant action for Mr. Moore's failure, within thirty days, to show

cause why he should not be sanctioned by the dismissal of this lawsuit for his deceit in submitting on April 5, 2010 a fraudulent order bearing the date and signature from Magistrate Judge Boyd N. Boland's order dated February 24, 1010. The April 20 dismissal order provides further details concerning the reasons for the dismissal.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Moore fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Moore fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Reopen" that Plaintiff, John Moore, filed *pro se* on April 28, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the *ex parte* letter to Chief Judge Wiley Y. Daniel that Mr. Moore submitted to the Court on April 27, 2010 is stricken. It is

FURTHER ORDERED that Mr. Moore is reminded that Rule 77.2 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil concerning *ex parte* communications forbids him from sending "letters, pleadings, or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys."

3

DATED at Denver, Colorado, this 3rd day of May, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00425-ZLW

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/4/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk